JOSIAH D. DUNNING *et al.*, Plaintiffs in Error, *v.* ROBERT N. MATTHEWS, Defendant in Error, and SAME *v.* SAME.

#### ERROR TO DU PAGE.

In an action of trespass for breaking a close, etc., the defendants undertook to justify, by showing that they entered by authority, to open a highway, etc., and offered certain certified copies from the town clerk, showing that the highway was legally laid out and opened, but not that assessment of damages for so opening highway was ever duly returned to the justice, or delivered to commissioners, or by the commissioner to supervisor, and by him laid before the board of supervisors, or that a tax was assessed, or the damages tendered to the plaintiff. *Held:* that the court properly rejected the evidence offered, unless it was followed by the other essential proofs required by the statute, to complete the laying out of the highway.

IT was admitted by the parties, that the road mentioned in the pleas filed by defendants, is laid out upon the close mentioned in the declaration, but plaintiff denies that the road was legally laid out. The defendants admitted that they entered said close where they claim said road to be, and threw down a fence. The defendants then offered in evidence, certified copies of the records and papers in the office of the clerk of the town of Big Rock, Kane county, showing (as they claim,) that the road in question, was duly and legally laid out and opened. The plaintiff objected to the admission of these copies, and the Court, RANDALL, Judge, presiding, rejected them. The defendants excepted, and assign for error the rejection of this evidence, offered by the defendants. A motion for a new trial was overruled. These actions were commenced in Kane, but taken, by change of venue, to Du Page County. Verdict and

judgment for the appellee, in the Circuit Court of Du Page, at April term, 1854.

GLOVER and COOK, for Appellees.

FARNSWORTH and BURGESS, for Appellant.

CATON, J. The cases are alike, and present precisely the same questions. Matthews sued Dunning and others for trespass, in breaking and entering his close. The defense set up was, that the *locus in quo* was a public highway, and that Dunning, as overseer of highways, and the other defendants, as his servants, entered the premises for the purpose of opening and working the same, as such highway.

In order to determine the questions here presented, it is necessary to examine the law authorizing the laying out of new roads. That is found in the 24th article of the township organization law of 1849.

The first section of that article authorizes any person liable to be assessed for road labor in a town, to apply to the commissioners of highways to lay out a new road, which application shall be in writing.

The second section directs the commissioners of highways, to have any new road which they may lay out, to be surveyed, and to incorporate the survey in an order, to be signed by them, and to file and record the same with the town clerk.

The third section requires the town clerk to post a copy of such order.

The fourth section forbids the laying out of a new road through cultivated or inclosed land, without the consent of the owner, unless twelve reputable freeholders shall, on oath, certify such road to be necessary.

The fifth section requires the person applying for such road, to post a notice, describing the proposed road, and stating the time and place when the twelve freeholders shall meet to consider of it.

The sixth section requires the freeholders to be sworn, to examine and certify as to the necessity of the road.

The seventh section requires them to examine and certify to the commissioner of highways.

The eighth section requires the commissioners, before they shall determine to lay out the road, to notify the occupant of the land of the time and place of their meeting to decide upon the application.

The ninth section requires the commissioners to meet at the time and place thus specified, and to hear the parties. If they

shall determine to lay out such road, they shall file a certificate thereof with the town clerk.

The tenth, eleventh, twelfth and thirteenth sections authorize the commissioners to agree with the owner of the land as to the amount of damages, and in case of disagreement, provide the mode of assessing the damages.

The fourteenth section requires the verdict of the jury who assess the damages, to be delivered to the commissioners of highways, who, by

The fifteenth section, are required to deliver a copy of such verdict or assessment to the supervisor of the town, with a statement of the costs, who shall lay it before the board of supervisors, who are authorized to inquire into the propriety of the assessment, and to increase or reduce the amount thereof.

The sixteenth section requires that the amount of the damages and costs shall be levied and collected within the town within which the road is situated ; the money, when collected, to be paid to the commissioners, by whom it shall be paid out to satisfy the damages and costs.

These are all the provisions of the act which are necessary to be considered in this case.

The cause was tried by the court, and upon the trial the defendants offered in evidence certified copies of papers from the office of the town clerk, showing, it may be admitted, a substantial compliance with the first thirteen sections of the article referred to, for the alteration and re-location of the road in question, and that the commissioners had notified Matthews to remove his fences from the road, as re-located. It appeared from this evidence, that fifty dollars, damages, were assessed to Matthews, for the alteration of the road on the premises in question. The evidence did not show that the assessment of damages was returned to the justice, who summoned the jury to assess the damages, or that it was delivered to the commissioners, as required by the fourteenth section, or that the commissioners delivered a copy thereof to the supervisor, or that the supervisor laid it before the board of supervisors of the county, or that the board ever acted thereon, as required by the fifteenth section, or that any tax was ever assessed, by the board of supervisors, upon the town, for the payment of the damages, as required by the sixteenth section, or that the damages were ever paid or tendered to the plaintiff in any way. The evidence thus offered by the defendants was rejected by the court conditionally, the court stating to the defendants, that if they proposed to follow up the evidence offered, with such evidence as would make it material, it would be admitted, but no other evidence was offered.

It cannot be contended with any degree of propriety, that the evidence offered showed such a progress in the proceedings, for the re-location of this road, as vested in the public the right to open and use it as a public highway. Those proceedings were still inchoate and incomplete. The final authority, the board of supervisors, never acted upon the question of damages, or in any way had it before them for consideration. Until they had acted upon the question of damages, the assessment of the jury created no claim in favor of the plaintiff for damages, or liability against the town to pay them. All was still discretionary with the board of supervisors. They had still to fix the amount of damages to be paid, and to assess a tax upon the town for its payment. Until that was done, the plaintiff had no assurance even that his damages would ever be paid, and it would be inconsistent with the fundamental principles of law, and of right, to appropriate the plaintiff's land to the use of the public till he was paid for it, or secured to be paid. If he had not the right to hold possession till the damages were actually paid, he certainly had the right to hold it till it was definitely settled that those damages should be paid, and the means provided by the law to secure their payment, had been complied with. When the court proposed to the defendants to admit the evidence offered, if they would follow it up by the further evidence required by the law, they refused to offer such further evidence, or to give the court any assurance that such evidence existed, and hence we must conclude that the provisions of the law had not been complied with, so far as required by the fifteenth and sixteenth sections of the act. Such being the case, the court was justified in terminating the case at once, by rejecting the evidence offered, which, as it stood, was irrelevant. The most cursory glance will show that this case is, in no degree, like that of *Rodgers* v. *Brant*, 5 Gilman, 573, which was relied upon to maintain the right of the defendants to have the court admit this evidence, and to consider it, although it was substantially admitted that it could avail the defendants nothing.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*