WILLIAM NORTON *et al.*, Appellants, *v.* WILLIAM STUDLEY, Appellee.

### APPEAL FROM BUREAU.

Under the provisions of the law of 1851 for township organization, the public is excluded from opening or using a highway until the damages are assessed or agreed upon, or released in writing.

THIS was an action of trespass *quare clausum fregit* in the Bureau Circuit Court, by appellee against appellants.

The declaration contains one count, in the usual form.

Plea, that the *locus in quo* was a public highway.

Replication to second plea, that a highway had been located over the close in question, but damages not assessed and paid to appellee, who was the owner of said close, etc.

Demurrer to this replication, which was sustained, and leave given to appellee to amend.

An amended replication was thereupon filed in these words, viz.:

"And for a further replication to defendants' plea, by leave of the court had and obtained, the said plaintiff says, that he ought not to be precluded from having or maintaining his action aforesaid by reason of any thing alleged in said plea, because he says that the highway set up by said defendants in said plea was located by the commissioners of highways of the town of Bramby, in said county, on the 3rd August, A. D. 1854, through the premises of plaintiff, described in said declaration, without the damage sustained by reason of laying out and opening of said road being assessed, or any decision upon the question of said damages by said commissioners, and their filing a statement thereof with the town clerk of said town, and said damages have not as yet been so assessed or determined, notwithstanding no agreement was made with the owner of said premises, who was a private person in relation to said damages, and said owner did not in writing release all claim to damages, nor was there any such agreement or release filed in the office of the town clerk of said town, nor never has been, and this the said plaintiff is ready to verify; wherefore he prays judgment," etc.

To this replication appellants demurred, and the cause was heard upon said demurrer, and judgment rendered for appellee, the court assessing his damages at *five cents;* from which judgment this appeal is taken.

The only error assigned is the overruling of the demurrer.

TAYLOR and STIPP, for Appellants.

PETERS and FARWELL, for Appellee.

CATON, J. Under the provisions of the township organization law of 1851, this road was laid out, but no assessment of damages was made, nor was any agreement made with the owner of the land in regard to damages, nor release of damages executed by him. And the question is, whether it became a public highway and subject to the use of the public without such assessment, or agreement, or release of damages. The question is all comprised in the construction of the sixth section of the twenty-fourth chapter of that act. That section is as follows: "The damages sustained by reason of the laying out, or opening, or altering any road, may be ascertained by the agreement of the owners, and commissioners of highways, and unless such agreement be made, or the owners of the land shall in writing release all claims to damages, the same shall be assessed in the manner hereinafter described, before such road shall be opened or used. Every agreement and release shall be filed in the town clerk's office, and shall forever preclude such owners of such lands from all further claims for such damages. In case the commissioners and owners of land claiming damages cannot agree, it shall be the duty of the commissioners to assess the damages at what they may deem just and right to each individual claimant with which they cannot agree, and deposit a statement of the amount of damages so assessed to each individual with the town clerk, who shall note the time of filing the same."

It would seem as if this statute is so framed as to exclude any claim of right in the public to open or use a road laid out under it till the damages are assessed or agreed upon, or released in writing. Till then, the rights of the public to the road, or of the owner of the land to claim or recover damages, do not attach. The former decisions of this court referred to were made under a statute containing no such provision as this, and which implied a release of damages, to which the owner set up no claim. Indeed, this question was more than decided by this court in *Denning* v. *Matthews*, 16 Ill. 308, where the damages had been actually assessed but not approved, and we held that the public had acquired no right to open and use the road. That decision was made under the law of 1849, but its provisions were substantially the same as this, and the only distinction drawn in argument was, that there no appeal was allowed from the assessment of damages; while here, an appeal is provided for. But we are of opinion that this provision does not weaken the force of the decision on this question.

The judgment must be affirmed.

*Judgment affirmed.*